UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ATIA GIPSON,

    Plaintiff,

v.

GARDENS HEALTH NH LLC, d/b/a
THE GARDENS HEALTH & REHABILITATION
CENTER, a foreign limited liability corporation,

    Defendant.

_____/

CASE NO.:
6:15CV-1311-ORL-41-GJK

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, ATIA GIPSON, brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

**PARTIES**

3. At all times relevant hereto, Plaintiff was an employee of Defendant, GARDENS HEALTH NH LLC, d/b/a THE GARDENS HEALTH & REHABILITATION CENTER ("Defendant" or "GH") a foreign limited liability company, and resided in Volusia County, Florida.

4. From July 18, 2013, until her illegal termination on April 10, 2015, Plaintiff worked for Defendant as a Charge Nurse in Daytona Beach, Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant periods of time.

6. At all times relevant hereto, Plaintiff worked at a location where the Defendant employed 50 or more employees within 75 miles.

7. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer(s) for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

**FACTUAL ALLEGATIONS**

8. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Defendant interfered with and/or retaliated against Plaintiff.

9. In approximately January 2015, Plaintiff necessitated FMLA leave as a result of her pregnancy and upcoming child birth.

10. Plaintiff submitted FMLA paperwork to take leave commencing on February 15, 2015.

2

11. At the time Plaintiff requested FMLA leave, she was considered a full time Charge Nurse working thirty-two (32) hours per week.

12. Plaintiff expected to take six (6) weeks of FMLA maternity leave and return to work after the expiration of same.

13. On April 9, 2015, and while contacting Defendant to return to work in mid to late April 2015, Plaintiff was told by her direct supervisor, Darryl Young, that she would not be returned to her full time position, but rather to a part time position of sixteen (16) hours per week.

14. Plaintiff expressed to Mr. Young that it was illegal for Defendant not to return her to the same or equivalent position upon return from FMLA leave and that clearly, going from part time after being full time was not the same or equivalent position.

15. On April 23, 2015, Plaintiff submitted a medical note from her doctor indicating her ability to return to work, without restriction.

16. At that time, Mr. Young again expressed to Plaintiff that she was no longer full time, no longer had full time benefits, and that if she wanted to return to work, she could do so in a part-time capacity only.

17. Since that time, Defendant has not scheduled Plaintiff to return to work for full time hours at her prior position, and has constructively discharged her by violating the FMLA in this regard.

18. Plaintiff continues to apply for full time job elsewhere and seek employment.

19. Defendant did not have a legitimate reason for Plaintiff's constructive discharge/refusal to reinstate her upon return from her FMLA leave. Thus, Defendant violated the FMLA.

3

## FMLA INTERFERENCE/ RETALIATION

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19 above.

21. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff, because Plaintiff attempted to exercise her right to take leave from work under the FMLA.

22. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff in violation of the FMLA.

23. At all times relevant hereto, Plaintiff suffered from a "serious health condition" or "other qualifying condition" entitling her to leave under the FMLA.

24. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA, and was entitled to reinstatement upon her return from FMLA.

25. Defendant interfered with and retaliated against Plaintiff for exercising her right under the FMLA, because Defendant constructively discharged/failed to reinstate Plaintiff to her full time position upon return from FMLA leave.

26. At all times relevant hereto, Defendant acted with the intent to discriminate against Plaintiff, because Plaintiff exercised her right to leave pursuant to the FMLA.

27. As a result of Defendant's intentional, willful and unlawful acts by discriminating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

28. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

29. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate. Plaintiff demands trial by jury on all issues so triable.

DATED this 24th of July 2015.

By:
Richard Celler, Esq.
FL Bar No.: 173370
RICHARD CELLER LEGAL, P.A.
7450 Griffin Road, Suite 230
Davie, FL 33314
Tel: (866) 344-9243
Fax: 954-337-2771
E-mail:
richard@floridaovertimelawyer.com

5